NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DENNIS R. SACAZA-JACKSON,        :
                                 :   Civil Action No. 06-4492(DMC)
            Plaintiff,           :
                                 :
            v.                   :   **OPINION**
                                 :
OSCAR AVILES, et al.,            :
                                 :
            Defendants.          :

**APPEARANCES:**

    DENNIS R. SACAZA-JACKSON, Plaintiff pro se
    174569
    Hudson County Jail
    B-100-W
    35 Hackensack Avenue
    South Kearny, New Jersey 07032

**CAVANAUGH**, District Judge

    Plaintiff Dennis R. Sacaza-Jackson, currently confined at

the Hudson County Jail in South Kearny, New Jersey, seeks to

bring this action in forma pauperis pursuant to 42 U.S.C. § 1983,

alleging violations of his constitutional rights.  Based on his

affidavit of indigence and the absence of three qualifying

dismissals within 28 U.S.C. § 1915(g), the Court will grant

plaintiff's application to proceed in forma pauperis pursuant to

28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to

file the Complaint.

    At this time, the Court must review the Complaint pursuant

to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice for failure to state a claim.

## I.   BACKGROUND

Plaintiff brings his civil rights action against the following defendants at the Hudson County Jail ("HCJ"): Oscar Aviles, Warden; Captain McCleary; Sgt. William Cannon; Correctional Officer ("CO") B. Williams; CO Garabaldi; CO Straub; and Sgt. D. Reale.  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

On June 16, 2006, at approximately 1:30 p.m., CO B. Williams accused plaintiff of stealing paper from the copier in the HCJ Inmates Law Library.  CO Garibaldi and CO Straub handcuffed plaintiff and took him to solitary confinement (24 hours lock-up).  That same day, at 8:30 p.m., plaintiff was handcuffed and taken to Sgt. D. Reale's office, where Sgt. Reale served plaintiff with three disciplinary actions, charging plaintiff with Violation # 153 (theft), Prohibited Act # 256 (refusing to obey an order of staff member), and Prohibited Act # 306 (conduct which disrupts or interferes with security and orderly running).

Plaintiff denied all charges.  He was then placed in pre-hearing detention by Captain McCleary.

Plaintiff complains that he was in lock-up from June 16, 2006 to June 19, 2006 without a sheet and blanket.[1]  The detention cell was cold.  He states that he suffered mental anguish and was unable to sleep.

On June 20, 2006, plaintiff appeared before Sgt. William Cannon, the Disciplinary Detention Unit Commander.  Plaintiff pled not guilty to the charges, but Sgt. Cannon found plaintiff guilty and sanctioned him with six days in detention.  Plaintiff was released from detention on June 24, 2006.

Plaintiff complains that, as a result of the actions of the defendants, he suffers grievous mental anguish, panic attacks, sleeping disorder, and paranoia.  He also states that he has not been able to attend the law library in fear for his safety, and has been unable to do his legal work because the correctional officers confiscated his legal paper and files.

Plaintiff seeks unspecified money damages to compensate him for his suffering.  He also seeks class action certification on behalf of all individuals who were placed in disciplinary detention, and asks the Court to issue an emergency order or

---

[1]  Plaintiff also states that he was not given toilet paper, toothbrush, and toothpaste initially, but does not allege that these items were withheld during the entire three-day period from June 16, 2006 to June 19, 2006.

injunction directing HCJ officials to provide inmates in pre-hearing detention with sheets, blankets, toothpaste, toothbrush, and toilet paper immediately upon entering lock-up.  Plaintiff also seeks to have the Court appoint counsel to represent him in this matter.[2]

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all

---

[2]  Because the Court has determined that the Complaint fails to state a cognizable claim and it should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the application for appointment of counsel will be dismissed as moot.

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim;

district court should permit a curative amendment before

dismissing a complaint, unless an amendment would be futile or

inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103,

108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.

§ 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v.

Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983

alleging violations of his civil rights guaranteed under the

United States Constitution.  Section 1983 provides in relevant

part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

6

IV.   ANALYSIS

A.   Class Certification

Plaintiff purports to bring this lawsuit as a class action on behalf of all inmates at HCJ who were placed in disciplinary detention without blankets and toiletries.  Pursuant to Fed.R.Civ.P. 23(a)(4), a class action can only be maintained if the class representative "will fairly and adequately protect the interests of the class."  When confronting a request for class certification from a pro se litigant, however, courts have found that pro se plaintiffs generally cannot represent and protect the interests of the class fairly and adequately.  See Cahn v. U.S., 269 F. Supp.2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993).

Here, plaintiff is a pro se prisoner without formal training in the law.  Thus, he would not be able to represent the interests of the class and maintain this suit as a class action. Cahn, 269 F. Supp.2d at 547; Krebs v. Rutgers, 797 F. Supp. 1246, 1261 (D.N.J. 1992)(denying class certification to pro se plaintiffs without sufficient legal education).  Therefore, class certification will be denied.

B.   Disciplinary Due Process and Conditions of Confinement Claim

Construing the allegations of the Complaint most liberally for the pro se plaintiff, as the Court is required to do on a sua sponte screening, it appears that the Complaint alleges a

disciplinary due process and conditions of confinement claim.  It

also appears that the plaintiff was a pretrial detainee at the

time the incident at issue occurred.  Therefore, this claim

should be examined under the Due Process Clause of the Fourteenth

Amendment.

A liberty interest protected by the Due Process Clause may

arise from either of two sources:  the Due Process Clause itself

or State law.  See Asquith v. Department of Corrections, 186 F.3d

407, 409 (3d Cir. 1999).  Pretrial detainees retain liberty

interests firmly grounded in the Due Process Clause of the

Fourteenth Amendment.  See Fuentes v. Wagner, 206 F.3d 335, 341

n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000).  Analysis of

whether such a detainee has been deprived of liberty without due

process is governed by the standards set out by the Supreme Court

in Bell v. Wolfish, 441 U.S. 520 (1979).  Fuentes, 206 F.3d at

341-42.

> In evaluating the constitutionality of conditions
> or restrictions of pretrial detention that implicate
> only the protection against deprivation of liberty
> without due process of law, we think that the proper
> inquiry is whether those conditions amount to
> punishment of the detainee.  For under the Due Process
> Clause, a detainee may not be punished prior to an
> adjudication of guilt in accordance with due process of
> law. ...
>
> Not every disability imposed during pretrial
> detention amounts to "punishment" in the constitutional
> sense, however.  Once the government has exercised its
> conceded authority to detain a person pending trial, it
> obviously is entitled to employ devices that are
> calculated to effectuate this detention. ...

8

A court must decide whether the disability is
imposed for the purpose of punishment or whether it is
but an incident of some other legitimate governmental
purpose.  Absent a showing of an expressed intent to
punish on the part of detention facility officials,
that determination generally will turn on "whether an
alternative purpose to which [the restriction] may
rationally be connected is assignable for it, and
whether it appears excessive in relation to the
alternative purpose assigned [to it]."  Thus, if a
particular condition or restriction of pretrial
detention is reasonably related to a legitimate
governmental objective, it does not, without more,
amount to "punishment."  Conversely, if a restriction
or condition is not reasonably related to a legitimate
goal--if it is arbitrary or purposeless--a court
permissibly may infer that the purpose of the
governmental action is punishment that may not
constitutionally be inflicted upon detainees qua
detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further

explained that the government has legitimate interests that stem

from its need to maintain security and order at the detention

facility.  "Restraints that are reasonably related to the

institution's interest in maintaining jail security do not,

without more, constitute unconstitutional punishment, even if

they are discomforting and are restrictions that the detainee

would not have experienced had he been released while awaiting

trial."  441 U.S. at 540.  Retribution and deterrence, however,

are not legitimate nonpunitive governmental objectives.  441 U.S.

at 539 n.20.  Nor are grossly exaggerated responses to genuine

security considerations.  Id. at 539 n.20, 561-62.

In Bell, the Supreme Court held that double-bunking under

the circumstances presented in that case did not constitute

9

punishment, and therefore, did not violate the pretrial

detainees' due process rights.  Id., at 541-43.  The Court

further noted that no due process violation occurred where

pretrial detainees were detained for generally less than 60 days.

However, the Court cautioned that: "confining a given number of

people in a given amount of space in such a manner as to cause

them to endure genuine privation and hardship over an extended

period of time might raise serious questions under the Due

Process Clause as to whether those conditions amounted to

punishment."  Id. at 542.

Such circumstances of serious overcrowding in a county jail

were presented in Union County Jail Inmates v. DiBuono, 713 F.2d

984 (3d Cir. 1983).  There, the Third Circuit established a two-

part test in line with Bell:

> "we must ask, first, whether any legitimate purposes are
> served by these conditions, and second, whether these
> conditions are rationally related to these purposes.  In
> assessing whether the conditions are reasonably related to
> the assigned purposes, we must further inquire as to whether
> these conditions "cause [inmates] to endure [such] genuine
> privations and hardship over an extended period of time,
> that the adverse conditions become excessive in relation to
> the purpose assigned to them."

713 F.2d at 992.

Here, plaintiff alleges that he was placed in disciplinary

detention for three days without a sheet and blanket, and was not

given a toothbrush, toothpaste and toilet paper upon his entry to

disciplinary lock-up.  Even if these allegations are true, this

Court finds no constitutional deprivation violating plaintiff's

due process rights under the Fourteenth Amendment.  The

deprivation of these toiletry items and a blanket occurred for

only a brief period of three days.  Further, plaintiff was

charged with a disciplinary infraction that affected the security

and orderly administration of HCJ.  Thus, defendants' action in

placing plaintiff in disciplinary detention under the alleged

adverse conditions does not imply that their action was intended

solely to inflict punishment, or was an unreasonable or extreme

response to the preservation of security at HCJ, a legitimate

governmental purpose.[3]  See Newkirk v. Sheers, 834 F. Supp. 772,

781 (E.D.Pa. 1993); see also Hubbard v. Taylor, 399 F.3d 150,

158-63 (3d Cir. 2005).

---

[3]  Plaintiff also alleges that his legal papers were
confiscated and not returned to him when he was placed in
disciplinary lock-up.  There are no allegations of any
constitutional deprivation asserted, but plaintiff may be
attempting to assert a deprivation of property claim.  Property
loss caused by the intentional acts of government officials does
not give rise to a procedural due process claim under § 1983
where a post-deprivation remedy satisfying minimum procedural due
process requirements is available under state law.  See Parratt
v. Taylor, 451 U.S. 527 (1981) (overruled in part on other
grounds by Daniels v. Williams, 474 U.S. 327 (1986)); see also
Zinermon v. Burch, 494 U.S. 113, 115 (1990); Hudson v. Palmer,
468 U.S. 517 (1984); Holman, 712 F.2d at 856.  The New Jersey
Tort Claims Act ("NJTCA"), N.J. STAT. ANN. § 59:1-1 et seq.,
provides a post-deprivation judicial remedy to persons who
believe they were deprived of property at the hands of the State
or local government.  See  Holman, 712 F.2d at 857; Asquith v.
Volunteers of America, 1 F. Supp.2d 405, 419 (D.N.J. 1998), aff'd
186 F.3d 407 (3d Cir. 1999).  Therefore, any deprivation of
property claim asserted by plaintiff here will be dismissed for
failure to state a claim.

Moreover, a constitutional deprivation under these disciplinary circumstances only occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).  Lesser restraints on an inmate's freedom are deemed to fall "within the expected parameters of the sentence imposed by a court of law." Id.  Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Sandin, 515 U.S. at 480.  Here, plaintiff's disciplinary confinement for a few days, even if due to alleged false disciplinary actions, did not trigger the protections of the Due Process Clause.  See id.

The Third Circuit has observed, however, that if an inmate is committed to undesirable conditions for an atypical period of time in violation of state law, that factor should be considered in determining whether the prisoner has been subjected to "atypical and significant hardship" triggering due process protection. Griffin v. Vaughn, 112 F.3d 703, 708-09 (3d Cir. 1997)(disciplinary segregation of state prisoner for 15 months did not impose atypical and significant hardship on prisoner, and

12

thus, did not implicate the due process clause).  Even if

plaintiff is not a sentenced prisoner, the Court finds that the

Complaint fails to allege a claim of atypical or significant

hardship with respect to plaintiff's very brief confinement in

disciplinary lock-up for three days without toiletries and a

blanket.  Thus, plaintiff fails to state a deprivation claim of

constitutional magnitude, and his disciplinary due process and

conditions of confinement claim will be dismissed for failure to

state a cognizable claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1).

C.   False Disciplinary Charges

To the extent that plaintiff may be asserting a claim that

he was falsely charged with disciplinary infractions he did not

commit, such claim is subject to dismissal.  The act of filing

false disciplinary charges does not itself violate a prisoner's

constitutional rights.  See Freeman v. Rideout, 808 F.2d 949,

952-53 (2d Cir. 1986)(holding that "the mere filing of [a false]

charge itself" does not constitute a cognizable claim under

§ 1983 so long as the inmate "was granted a hearing, and had the

opportunity to rebut the unfounded or false charges"), cert.

denied, 485 U.S. 982 (1988); Hanrahan v. Lane, 747 F.2d 1137,

1140 (7th Cir. 1984)(finding that so long as prison officials

provide a prisoner with the procedural requirements outlined in

Wolff, 418 U.S. at 558, then the prisoner has not suffered a

constitutional violation).  See also Creter v. Arvonio, No. 92-
4493, 1993 WL 306425, at *7 (D.N.J. Aug. 5, 1993); Duncan v.
Neas, No. 86-109, 1988 WL 91571, at *1 (D.N.J. Aug. 30,
1988)(determining that "the alleged knowing falsity of the charge
[does not state] a claim of deprivation of a constitutionally
protected liberty interest ... where procedural due process
protections were provided").

Here, plaintiff states that he did receive notice of the
charges and had a disciplinary hearing.  He does not make any
claim that he was denied procedural due process with respect to
the disciplinary action taken against him.  Therefore, any such
claim of false disciplinary charges will be dismissed for failure
to state a claim.

## V.   CONCLUSION

Therefore, for the reasons set forth above, class
certification will be denied, and the Complaint will be dismissed
without prejudice, in its entirety as against all defendants, for
failure to state a claim at this time, pursuant to pursuant to 28
U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff's request
for appointment of counsel will be dismissed as moot.  An
appropriate order follows.


                                    S/ Dennis M. Cavanaugh
                                   DENNIS M. CAVANAUGH
                                   United States District Judge
Dated: 1/3/07